IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| CRAIG COOK, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil Action No. 1:10-0840 |
| ) | Criminal Action No. 1:07-00239 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 55 and 63-1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 58.)

**FACTUAL BACKGROUND**

By Information filed on December 17, 2007, Movant was charged with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Criminal Action No. 1:07-0239, Document No. 5.) On January 31, 2008, Movant waived his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and pled guilty to the Information. (Id., Document Nos. 8 - 11.) A Presentence Investigation Report was prepared. (Id., Document No. 30.) The District Court determined that Movant had a Base Offense Level of 18, and a Total Offense Level of 26, the Court having applied a six-level enhancement pursuant to U.S.S.G.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

§ 2S1.1(b)(1)(A) and (B)(I) because Movant "knew or believed that the laundered funds were the proceeds of, or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance," and a two-level enhancement pursuant to U.S.S.G. § 2S1.1(b)(2)(B) because Movant "was convicted under 18 U.S.C. § 1956." (Id., Document No. 25.) The District Court sentenced Movant on August 25, 2008, to serve a 87-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document Nos. 22 - 25.)

Movant filed a Notice of Appeal on September 4, 2008. (Id., Document No. 26.) Trial counsel filed an Anders Brief challenging the reasonableness of Movant's sentence. Specifically, Movant claimed that the District Court abused its discretion in denying him an adjustment for acceptance of responsibility. On August 24, 2009, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. United States v. Cook, 341 Fed.Appx. 874 (4th Cir. 2009).

On June 17, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 1:10-0840, Document No. 55.) As grounds for *habeas* relief, Movant alleges as follows: (1) The District Court erred in failing to consider United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008) (Id., pp. 4 - 6.); and (2) The District Court erred in denying him a three-point reduction in the offense level for acceptance of responsibility (Id., pp. 7 - 8.). Movant acknowledges that he did not raise the Santos issue on appeal. (Id., p. 3.) Movant, however, contends that the issue is not procedurally defaulted because (a) it was the result of ineffective assistance of counsel; (b) "jurisdictional flaws cannot be defaulted and U.S. v. Santos, supra, deprived this Court of jurisdiction to punish him for doing something the law allowed;" and (c) "he is actually innocent." (Id., pp. 3 and 6 - 7.) Movant, therefore, contends that his Section 2255 Motion should be granted. (Id., p. 10.)

As an Exhibit, Movant attaches the following: (1) A copy of "Cases Holding <u>Santos</u> Limits Money-Laundering Losses to 'Net Profits'" (Civil No. 1:10-0840, Document No. 56, p. 5.); (2) A copy of <u>United States v. Cook</u>, 341 Fed.Appx. 874 (4th Cir. 2009) (<u>Id.</u>, p. 6.); (3) A copy of Movant's "U.S. Individual Income Tax Return 2007" (<u>Id.</u>, pp. 7 - 9.).

On November 9, 2011, Movant filed his "Supplement to Memorandum of Law in Regards to Motion Under 28 U.S.C. § 2255 to Vacate Sentence By a Person in Federal Custody." (Civil No. 1:10-0840, Document No. 63-1.) As grounds for *habeas* relief, Movant alleges as follows: (1) Ineffective assistance of counsel (<u>Id.</u>, pp. 5 - 8, 13 - 18.); (2) Plea was entered into unknowingly, unintelligently, and involuntarily (<u>Id.</u>, pp. 9 - 12.); and (3) Actually innocent based upon <u>Santos</u>. (<u>Id.</u>, pp. 17 - 18.).

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." <u>Sutton v. United States</u>, 2006 WL 36859,

* 2 (E.D.Va. Jan. 4, 2006).

1.      **Procedurally Barred Claim:**

In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned finds that Movant's claim regarding the denial of a sentencing reduction for acceptance of responsibility was raised on appeal and rejected by the Fourth Circuit. The Fourth Circuit stated as follows:

> The district court followed the necessary procedural steps in sentencing Cook, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range and the relevant § 3553(a) factors. Cook's guidelines range was 70 - 87 months' imprisonment. His 87-month sentence, which is within the applicable guidelines range, may be presumed reasonably by this court on appeal. Pauley, 511 F.3d at 473. Nor do we find erroneous the district court's decision not to award an acceptance of responsibility reduction of Cook's offense level, based on his positive drug screen. We conclude the district court did not abuse its discretion in imposing the chosen sentence.

Cook, 341 Fed.Appx. at 875. Therefore, Movant's above claim is procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

2.      **Actually Innocent Based Upon United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008).**

Movant argues that he is actually innocent of his money laundering conviction based upon United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008). Movant contends that the "U.S. Supreme Court upset decades of money-laundering case law by holding the definition

4

of 'proceeds' for the purposes of Title 18 U.S.C. §§ 1956 & 1957 means 'net profits' instead of 'gross receipts.'" Movant claims that "district and circuit courts have most often held that Santos limits laundered funds to 'net profit' paid to defendant regardless of the predicate offense. Movant argues that "the 'net profits' paid to [him] in this case were approximately $2,968." Movant explains that "the post-Santos definition of 'proceeds' as 'net profits,' which was controlling law at the time of sentencing, would have resulted in a final offense level of either 15 or 18, depending on the three-point responsibility credit."

In United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), the United States Supreme Court issued a plurality opinion narrowing the scope of the money laundering statute by interpreting the term "proceeds" in § 1956(a)(1) to mean the "net profits" rather than its "gross receipts."[2] Id. Specifically, a plurality of the Supreme Court found the term "proceeds" in the money laundering statute to be ambiguous, and applying the rule of lenity, determined that "proceeds" means "profits" and not "receipts." Id., 553 U.S. at 510-14, 128 S.Ct. 2020. In his concurring opinion, Justice Stevens agreed that in the context of illegal gambling, "proceeds" means "profits," but in other cases "proceeds" can mean either "profits" or "receipts." Id., 553 U.S. at 524-28, 128 S.Ct. at 2020. The plurality and Justice Stevens were concerned about a "merger problem," where every violation of the underlying statute would also be a violation of the money laundering statute. Id., 553 U.S. at 515-16, 128 S.Ct. 2020.

In United States v. Halstead, 634 F.3d 270 (4th Cir. 2011), the Fourth Circuit clarified the scope of Santos. First, the Fourth Circuit explained that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on

---

[2] *Santos* was decided by a 4-1-4 vote.

the narrowest grounds.'" Id., citing Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260(1977). First, the Fourth Circuit determined that "[i]n its narrowest sense, . . . the five justices could be found to have held that the money laundering term 'proceeds' means 'net profits' when the proceeds are from an illegal gambling operation." Id. at 278. Next, the Fourth Circuit stated that the five justices "agreed that the driving force for their holding was the merger problem resulting from the circumstances in that case – a prosecution of defendants for transactions that supported convictions for both illegal gambling and money laundering." Id. Thus, the Fourth Circuit concluded as follows:

> In sum, we read *Santos* to hold that when a merger problem arises in the context of money laundering and illegal gambling, the *required* solutions is to define the proceeds of the illegal gambling business as its net profits. When, however, a merger problem arises in the context of money laundering and an illegal activity other than illegal gambling, because of Justice Stevens' opinion that would require addressing that situation on a case-by-case approach, we will leave further development of a solution to a future case that presents the problem.

Halstead, 634 F.3d at 279.

Based on the foregoing, the Fourth Circuit determined that Halstead was not entitled to relief under Santos. Although Halstead was convicted of both health-care fraud and conspiracy to launder monetary instruments, the Fourth Circuit determined that the circumstances of the case did not result in a "merger problem." Id. The Fourth Circuit explained that "when the illegal activity includes money transactions to pay for the costs of the illegal activity, a merger problem can occur if the government uses those transactions also to prosecute the defendant for money laundering . . . But when the financial transactions of the predicate offense are different from the transactions prosecuted as money laundering, the merger problem recognized in *Santos* does not even arise." Id. at 279-80. The Fourth Circuit concluded that a "merger problem" did not arise as the transactions involving Halstead's healthcare fraud conviction and his money laundering conviction were different

transactions. Id. at 280.

The undersigned finds Santos inapplicable to the circumstances of Movant's case. First, the Court finds that Movant was not convicted of illegally gambling. Thus, the money laundering term "proceeds" is not restricted to "net profits." Next, the undersigned must consider whether there is a "merger problem" that would restrict the term "proceeds" to "net profits." Unlike Santos, the circumstances of Movant's case does not present a "merger problem." In Santos, a "merger problem" arose where the defendant was convicted of money laundering and illegal gambling based upon the same financial transactions. Movant, however, was charged and convicted of only one offense (conspiracy to commit money laundering). Accordingly, Santos is inapplicable because Movant's conviction of conspiracy to commit money laundering does not present a "merger problem."[3] See United States v. Payton, 437 Fed.Appx. 241, 243 (2011)(finding Santos inapplicable because defendant's conviction for possession with intent to distribute cocaine base did not present a merger problem with his money laundering conviction).

**3.     Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received

---

[3] Having concluded that Santos does not apply to Movant's money laundering claim, it is unnecessary to determine whether he could establish the cause required to overcome the procedural default.

adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his

performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. *Trial Counsel's Failure to Rely upon Santos*.

Movant argues that "[d]efense counsel knew, or should have known, that the Supreme Court's decision under Santos fundamentally changed the law." (Civil No. 1:10-0840, Document No. 63-1, p. 6.) Movant explains that "counsel's failure, prior to sentencing, to advise defendant of the Santos decisions and its consequences, and/or the raise a Motion to Withdraw Plea in court prior to sentencing, clearly evidences that counsel fell below a 'reasonable standard.'" (Id.) Movant complains that "counsel failed to introduce a Motion objecting to the amount of money that defendant, Cook, allegedly conspired to launder, as the amount used by the court was not 'profit' as determined under Santos." (Id., p. 7.) As stated above, the Court finds that Santos is inapplicable to circumstances of Movant's case. Accordingly, trial counsel was not ineffective in failing to present arguments based upon Santos or advise Movant of the Santos decision. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

### B. *Trial Counsel's Failure to Call Witnesses*.

Movant argues that trial counsel's failure to "interview obvious defense witnesses was prejudicial to defendant, resulting in an unreliable and fundamentally unfair outcome in the plea

9

proceeding." (Civil No. 1:10-0840, Document No. 63-1, p. 6.) Movant's assertion that his trial counsel was ineffective in failing to "interview obvious defense witnesses" is conclusory. Movant does not indicate what witnesses should have been interviewed, what information an interview would have revealed, or how such an "interview of obvious defense witnesses" would have made a difference in the District Court proceedings. See Bassette v. Thompson, 915 F.2d 932, 940 - 41 (4th Cir. 1990)(an allegation that an attorney conducted an inadequate investigation does not warrant relief absent a proffer of the specific favorable evidence the investigation would have brought out). Movant, therefore, fails to meet the Strickland two prong standard.

### C. *Counsel's Ineffectiveness Resulted in an Unknowing and Involuntary Plea.*

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant."North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

10

Movant alleges that his plea was made unknowingly and involuntarily because trial counsel failed to inform Movant of "the consequences of his conviction, particularly consequences as important as sentence length or after due consideration of actual innocence." (Civil No. 1:10-0840, Document No. 63-1, p. 12.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr. Cook will plead guilty to a violation of 18 U.S.C. §1956(h) (conspiracy to commit money laundering) as charged in said information." (Criminal No. 1:07-0239, Document No. 11, p. 1.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id., pp. 1 - 2.) The plea agreement further stated at Paragraph 10 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 4.) At Movant's January 31, 2008, plea hearing, the District Court informed Movant of the maximum sentence to which he was subject and elicited Movant's statement that he knew that his sentence was in the Court's discretion. (Id., pp. 12.) At the Court's request, AUSA Bushong placed on the record the factual basis supporting the plea. (Id., pp. 20 - 22.) Following AUSA Bushong's statement, the District Court inquired as follows:

> THE COURT: Mr. Cook, you heard the Assistant U.S. Attorney's statement of factual background for the charge against you. Is what he said substantially correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is there anything Mr. Bushong said that's inaccurate or needs to be changed in any way to make it truthful?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Did you then do the acts to which you pled guilty as set out in the information?

> THE DEFENDANT: I did, sir.
>
> THE COURT: Are you pleading guilty because you are, in fact, guilty of that charge?
>
> THE DEFENDANT: Yes, I am.

(Id., pp. 22 - 23.) Finally, the District Court further found that Movant's plea was voluntary and was not the result of any promises or threats. (Id., pp. 25 - 26.) Specifically, the District Court inquired as follows:

> THE COURT: Except for the specific terms of your plea agreement, has anyone made any promises to your or offered any inducements to you to get you to plead guilty.
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone threatened you, or exerted any force upon you, or done anything to get you to plead guilty against your will?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made any promises to you concerning the sentence you will receive if you plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made any predictions to you that I will handle your case more leniently if you plead guilty than if you choose to stand trial?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you, in fact, acting voluntarily and of your own free will when you tender this plea of guilty to the court?
>
> THE DEFENDANT: Yes, I am.

(Id.) Based on the foregoing, the undersigned finds Movant's allegation that his plea was entered into unknowingly and involuntarily due to ineffective assistance of counsel is without merit.

**D.**    *Trial Counsel's Failure to Allege Insufficient Evidence.*

Movant contends that trial counsel should have argued there was insufficient evidence to support the conviction. (Civil No. 1:10-0840, Document No. 63-1, pp. 13 - 18.) Once a defendant pleads guilty, he cannot raise independent claims of deprivation of constitutional rights which occurred prior to the entry of the guilty plea. Tollet v. Henderson, 411 U.S. 258, 266 - 67, 93 S.Ct. 1602, 1607 - 08, 36 L.Ed.2d 235 (1973)(A guilty plea amounts to the waiver of the right to assert any constitutional or other non-jurisdictional issues which might appear prior to the admission of guilt.); also see McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.E.2d. 418 (1969)(Generally, a guilty plea acts as a complete admission of the material elements of the crime which is charged and therefore constitutes an admission of factual guilt.). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). As state above, the undersigned finds that Movant's guilty plea was counseled and voluntary. Movant's guilty plea therefore constitutes a waiver of his right to contend that his trial attorney's representation was constitutionally deficient with respect to matters constitutional and other non-jurisdictional matters which might have been raised prior to his entry of his guilty plea. Accordingly, Movant's claim that trial counsel was ineffective in failing to argue insufficient evidence to support the conviction (Civil No. 1:10-0840, Document No. 63-1, pp. 13 - 18.), is without merit.[4]

---

[4] Additionally, Movant acknowledged that the factual basis set forth by AUSA Bushong was true and accurate. Specifically, AUSA Bushong stated as follows (Criminal Action No. 1:07-0239, Document No. 42, pp. 20 - 22.):

**PROPOSED FINDINGS AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

---

> Your Honor, in all relative times, the defendant was employed as a salesman at Ramey Auto in Tazewell, Virginia. In the Spring of 2007, in Havaco and Welch, McDowell County, in Bluefield, Mercer County, in the Southern District of West Virginia, the defendant, Craig Cook, and the Headen twins, Terry and Jerry Headen, conspired to conceal the nature, ownership and control of the proceeds of the Headen drug dealing by conducting a financial transaction affecting interstate commerce, knowing the currency involved therein was the proceeds of the Headen Oxycodone conspiracy.
> Specifically, between May 9th, 2007, and May 18th, 2007, the Headen's and the defendant were in negotiations over the sale of a luxury SUV. It was a 2007 Cadillac Escalade priced at almost $83,000.
> On this date, the defendant knew that the Headen's, Jerry and Terry, were drug dealers. The defendant knew that the defendants had no form of legitimate income because, in 2006 and 2007, he had sold them two other vehicles.
> He knew that they were going to buy the Escalade with drug proceeds and the defendant knew that it was being placed in nominee names, that is the parents of Terry and Jerry Headen. He knew full well that the vehicle was actually to be the Headen's vehicle and not that of their parents.
> To effectuate the deal, the defendant, through Ramey Auto, sent an employee of Ramey Auto to Havaco, West Virginia, to retrieve $12,500.00 in cash from the Headen's mother's house. The employee reports that he went there and Mrs. Headen pulled out a trash bag from underneath the sink and counted out $12,500.00 in cash. The employee's comment was it did not put a dent in the cash that was in that bag.
> The employee brought it back over to Tazewell, Virginia and that money represented the down payment for the vehicle. That money was drug proceeds, proceeds from the Headen's Oxycodone conspiracy.
> The Headen's made it worth the defendant's while by paying him cash tips to make these vehicle sales go through and, on the last deal, paid him in very valuable stolen electronics, laptop computers, an iPod, MP3 players.
> Following the Headen's arrest, the defendant was approached. He was approached by an IRS agent. He signed a rights waiver and admitted that he knew the Escalade was, in fact, a straw purchase. In fact, the defendant used the phrase "straw purchase." He also admitted that he knew that the Headen's were drug dealers and the comment that he made was that - - was that he, quote, "figured it out," and that he knew that the vehicle was actually to be used by the Headen's and not the Headen's parents.

Sentence by a Person in Federal Custody (Document Nos. 55 and 63-1.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 5, 2012.

R. Clarke VanDervort
United States Magistrate Judge