IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CRAIG COOK,

     Movant,

v.                              Civil Action No. 1:10-00840
                                Criminal Action No. 1:07-00239

UNITED STATES OF AMERICA,

     Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

     Pending before the court are Craig Cook's ("Movant's") (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Section 2255 Motion)(Civil Action No. 1:10-00840, Doc. Nos. 55 and 63-1) and (2) Motion to Appear for Sentence Modification Pursuant to 18 U.S.C. § 3582(b)(3) (Motion to Appear)(Criminal Action No. 1:07-00239, Doc. No. 82).

     By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) for submission of findings and recommendation regarding disposition. Civil Action No. 1:10-00840, Doc. No. 58. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation (PF&R) on October 5, 2012, in which he recommended that the court deny Movant's Section 2255 Motion. <u>Id.</u>, Doc. No. 74, at 14. Movant timely filed his objections to Magistrate Judge VanDervort's PF&R on November 26,

1

2012.[1]  Id., Doc. No. 81.  Movant filed his Motion to Appear on
December 5, 2012.  Criminal Action No. 1:07-00239, Doc. No. 82.

     For the following reasons, the court **OVERRULES** Movant's
objections, **ADOPTS** Magistrate Judge VanDervort's PF&R, **DENIES**
Movant's Section 2255 Motion (Civil Action No. 1:10-00840, Doc.
Nos. 55 and 63-1), **DENIES** Movant's Motion to Appear (Criminal
Action No. 1:07-00239, Doc. No. 82), and **DENIES** a certificate of
appealability.

                    <u>Factual and Procedural History</u>

     On December 17, 2007, Movant was charged with violating 18
U.S.C. § 1956(h) in a one-count Information.  Criminal Action
No. 1:07-00239, Doc. No. 5, at 3.  More specifically, the
Information charged Movant with "knowingly conspir[ing] to
commit offenses against the United States, in violation of 18
U.S.C. § 1956(a)(1)(B)(i)."  <u>Id.</u> at 1.  On January 31, 2008, the
court held a plea hearing where Movant executed a written guilty
plea.  <u>Id.</u>, Doc. Nos. 8-11.

     Following Movant's plea hearing, the court's Probation
Department prepared a Presentence Investigation Report (PSI).
<u>Id.</u>, Doc. No. 30.  At Movant's August 25, 2008 sentencing, the
court, relying in part on the PSI, determined that Movant's Base

_____

[1] The court notes that Movant's motion to extend time to file
objections to Magistrate Judge VanDervort's PF&R was granted by
this court's order entered October 19, 2012, allowing Movant
until December 19, 2012 to file his objections.

2

Offense Level was 18 and his Total Offense Level was 26, having first applied a six-level enhancement under U.S.S.G. §§ 2S1.1(b)(1)(A) and (B)(i) and a two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B).  The court sentenced Movant to an 87-month term of incarceration to be followed by a three-year term of supervised release.  Id., Doc. Nos. 22-25.

Movant appealed his sentence, specifically challenging the reasonableness of the sentence imposed and arguing that the court abused its discretion by denying a sentencing adjustment for acceptance of responsibility.  On August 24, 2009, the Fourth Circuit affirmed Movant's conviction and sentence. United States v. Cook, 341 Fed. Appx. 874 (4th Cir. 2009); see also, id., Doc. No. 48.

On June 17, 2010, Movant filed the instant Section 2255 Motion.  Civil Action No. 1:10-00840, Doc. No. 55.

Discussion

I. Previously Litigated Claim

Insofar as Movant seeks to re-litigate the court's denial of a sentencing adjustment for acceptance of responsibility, that claim has been previously determined.  Movant argues that the Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008) is an intervening change in the law that justifies reconsideration of this court's prior determination regarding the denial of an acceptance of responsibility

3

sentencing adjustment.  See Civil Action No. 1:10-00840, Doc. No. 81, at 3; Davis v. United States, 417 U.S. 333, 342 (1974)(recognizing as the "law of the case" a federal appeals court's resolution of previously raised claim).  However, Movant's argument fails because Santos simply does not apply to a district court's denial of a sentencing adjustment for acceptance of responsibility.

At sentencing, the court declined to apply a sentencing adjustment for acceptance of responsibility because Movant failed a drug test between the time he pled guilty to the one-count Information and the time of his sentencing.  See Criminal Action No. 1:07-00239; Doc. No. 38, at 6, lns. 12-21.  In Santos, the Supreme Court nowhere addresses a district court's discretion to apply a sentencing adjustment for acceptance of responsibility.  Indeed, the most appropriate case law to apply regarding Movant's challenge is United States v. Cook, or the "law of the case."  United States v. Cook, 341 Fed. Appx. at 875 (concluding that the court did not abuse its discretion by not awarding "an acceptance of responsibility reduction of [Movant's] offense level, based on his positive drug screen."); see Davis, 417 U.S. at 342.

Accordingly, Movant's argument that the district court abused its discretion by not providing a sentencing adjustment

4

for acceptance of responsibility fails because that issue has been previously determined.

## II. Actual Innocence

Movant objects to Magistrate Judge VanDervort's PF&R regarding "actual innocence" based solely on United States v. Santos, 553 U.S. 507 (2008).  Specifically, Movant argues that the Supreme Court's decision in Santos makes him "actually innocent" of the crime of which he was convicted in this case. This argument neither responds to Magistrate Judge VanDervort's PF&R nor apprehends an "actual innocence" claim in the context of Section 2255 motions.

In general, "actual innocence" is neither necessary nor sufficient to state a claim for relief under Section 2255.  See DA's Office v. Osborne, 557 U.S. 52, 71 (2009)(noting that whether a federal constitutional right to be released upon proof of "actual innocence" is "an open question.").  Rather, "actual innocence" more often serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404 (1993).

As an initial matter, this court declines to find a petitioner's federal constitutional right to be released based on "actual innocence" where the Supreme Court has repeatedly declined to do so.  Second, Movant has not identified, and the

5

court cannot find, any bar to any constitutional claim Movant
may have identified in his Section 2255 Motion.  "Actual
innocence" cannot lift a bar to a constitutional claim when no
such bar exists.  Third, putting aside Movant's misapprehension
of how "actual innocence" applies to Section 2255 motions,
Magistrate Judge VanDervort's discussion of Santos and the
Fourth Circuit's subsequent clarification in United States v.
Halstead, 634 F.3d 270 (4th Cir. 2011) comprehensively
demonstrates how Santos does not apply to Movant's case.

Accordingly, the court adopts Magistrate Judge VanDervort's
reasoning regarding Santos and Halstead as written in the PF&R.
See Civil Action No. 1:10-00840; Doc. No. 74, at 4-7.  Movant's
"actual innocence" argument is inapposite and meritless as a
result.

III. Ineffective Assistance of Counsel

Magistrate Judge VanDervort's PF&R addresses Movant's
Ineffective Assistance of Counsel claims chiefly by noting the
inapplicability of Santos to Movant's case.  Movant's objections
to the PF&R's treatment of those claims depend almost
exclusively on the fact that the Supreme Court's decision in
Santos was pending at the time Movant pled guilty.  See
generally Civil Action No. 1:10-00840, Doc. No. 81, at 6-14.
While the court believes Magistrate Judge VanDervort's PF&R
adequately resolves Movant's Ineffective Assistance of Counsel

6

claims, the court finds it appropriate to specifically address Movant's arguments concerning the timing and inapplicability of Santos.

Supreme Court decisions touching criminal procedure or substantive federal criminal law are routinely pending while federal criminal defendants plead guilty in court.  However, that does not require a defense attorney to sit down with his client and discuss each of the criminal procedure cases pending on the Supreme Court's docket.  That is the situation here; Santos does not apply to Movant's case as he wishes and, accordingly, at the time Movant pled guilty, Movant's attorney's alleged failure to discuss Santos with his client did not amount to ineffective assistance of counsel under the Strickland standard.  See Strickland v. Washinton, 466 U.S. 668, 687-91 (1984)(outlining the current two-prong test for determining whether a defendant received adequate assistance of counsel). Indeed, Santos would only have formed the basis of a meritless argument for Movant's defense had such an argument been raised during Movant's case.  Failing to raise a meritless argument "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999); see Moore

v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996); see also
Strickland, 466 U.S. at 687-91 (1984).

It is true that, in Santos, the Supreme Court construed the
same federal money laundering statute under which Movant pled
guilty and was sentenced in this case.  See Santos, 553 U.S. at
510-14; 18 U.S.C. § 1956.  It is also true that the Supreme
Court's decision in Santos was pending when Movant pled guilty
to a violation of 18 U.S.C. § 1956.  However, in Santos, the
Supreme Court construed only one term within 18 U.S.C.
1956(a)(1)—"proceeds."  See Santos, 553 U.S. at 509, 514.

Nevertheless, Movant argues that because the Supreme Court
in Santos held, in some situations, that "proceeds" means
"profits" and because the "profits" to Movant were only
$2,968.00—the amount of commission paid to Movant as a result of
the automobile sales—Movant should have been afforded a Base
Offense Level of 8.  See Doc. No. 81, at 5.  Since Movant's
attorney did not conjure this argument before Movant's plea
hearing and during the pendency of Santos, Movant argues he did
not receive adequate assistance from his attorney.

However, a closer look at 18 U.S.C. § 1956 reveals that
such reasoning amounts to the fallacious argument of
equivocation, or misusing a word with more than one meaning by
ignoring the meaning that is intended at a particular time.  The

term "proceeds" appears in the following relevant language of 18
U.S.C. § 1956(a)(1)(B)(i):

> (a)(1) Whoever, knowing that the property involved in a
> financial transaction represents the proceeds of some form
> of unlawful activity, conducts or attempts to conduct such
> a financial transaction which in fact involves the proceeds
> of specified unlawful activity--(B) knowing that the
> transaction is designed in whole or in part--(i) to conceal
> or disguise the nature, the location, the source, the
> ownership, or the control of the proceeds of specified
> unlawful activity [shall be guilty of an offense against
> the United States].

Regardless of whether "proceeds" means gross receipts or net
profits in certain instances, in all cases "proceeds" refers to
property involved in a financial transaction that ultimately
derives from some illegal activity.  In other words, the
relevant "proceeds" in this case refer to the money that
Movant's clients obtained as a result of running a large-scale
drug operation, not the money obtained by Movant as commission
for an automobile sale.  Fundamentally, selling illegal
narcotics is illegal; generally, selling automobiles is not.
The Ninth Circuit has recognized this distinction and has
reconciled its case law to both conform to the dictates of
Santos and retain the substance of the distinction.

    In United States v. Savage, 67 F.3d 1435, 1441 (9th Cir.
1995), the Ninth Circuit concluded that "proceeds" under 18
U.S.C. § 1956 "are funds obtained from prior, separate criminal
activity."  Following the Supreme Court's decision in Santos,

9

however, the Ninth Circuit recognized that, insofar as <u>Savage</u> further concluded that "proceeds" meant "receipts" in <u>all</u> money laundering cases, <u>Savage</u> was abrogated to that extent.  <u>United States v. Van Alstyne</u>, 584 F.3d 803, 813 (9th Cir. 2009)("Our across-the-board application of the receipts definition plainly does not square with <u>Santos</u> [. . .] [t]o the extent our caselaw posited a uniform application of the 'receipts' definition, it is inconsistent with <u>Santos</u>.").  In other words, even in cases where "proceeds" means "profits" under 18 U.S.C. § 1956, those profits must be obtained from a prior criminal activity.  Here, even briefly assuming that the "profits" definition of "proceeds" applies to Movant's conviction, the relevant profits would not be Movant's automobile sale commission.  Rather, the relevant profits would be those made by Movant's drug-dealing clients when they bought and sold narcotics illegally.  Nevertheless, the court need not analyze whether Movant's drug-dealing clients transacted with drug "revenues" or drug "profits."  Instead, the court draws the above distinction to make clear that the amount of Movant's commission is irrelevant; his commission does not constitute "proceeds" for purposes of the crime with which he is charged.

Additionally, the court adopts Magistrate Judge VanDervort's explanation of the prevailing Fourth Circuit case law that clarifies the scope of <u>Santos</u>.  See Civil Case No.

10

1:10-00840, Doc. No. 74, at 5; see also United States v. Halstead, 634 F.3d 270 (4th Cir. 2011).  The court would add, however, that separate from the more general reasoning in Halstead—namely that the "receipts" and "profits" distinction need only arise when a criminal case presents a "merger" problem—other circuit courts have specifically held that "proceeds" refer to "receipts"—not "profits"—in money laundering cases where the only other charges involved are drug charges and not illegal gambling charges.  See United States v. Webster, 623 F.3d 901, 906 (9th Cir. 2010)(concluding that "[b]ecause neither the conspiracy nor the drug possession count against Webster presents a merger problem, neither requires narrowly defining 'proceeds' as 'profits' for the money laundering counts."); United States v. Mitchell, 613 F.3d 862, 867 (8th Cir. 2010)("proceeds equates with gross receipts when the funds are derived from drug sales.").  Here, "merger" is even less of an issue because Movant was charged with only one crime—violating 18 U.S.C. § 1956(h).

Accordingly, Movant's ineffective assistance of counsel claim fails, because all aspects of that claim hinge on Movant's fallacious argument regarding the commission he received from the underlying automobile sales.

11

IV. U.S.S.G. § 2S1.1(b)(2)(B) — the Two Level Enhancement

    Movant argues that because he was only charged with and pled guilty to violating 18 U.S.C. § 1956(h), Application Note 3(C) to Guideline 2S1.1 negates the Two-Level Enhancement that U.S.S.G. § 2S1.1(b)(2)(B) provides.  Civil Action No. 1:10-cv-00840, Doc. No. 81, at 10.  However, Application Note 3(C) states, in pertinent part:

> Subsection (b)(2)(B) [of Guideline 2S1.1] shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) <u>and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957</u>.

(emphasis added).  Movant was not convicted of conspiring to commit <u>any</u> offense under 18 U.S.C. § 1957; he was convicted of conspiring to commit only an offense proscribed under 18 U.S.C. § 1956(a)(1), an offense separate and distinct from those proscribed under 18 U.S.C. § 1957.

    Accordingly, Movant's argument that U.S.S.G. § 2S1.1(b)(2)(B) does not apply to his conviction fails.  Similarly, because Defendant's Motion to Appear depends entirely on this argument, that motion is **DENIED**.

V. Certificate of Appealability

    The court has considered whether to grant Movant a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

12

2253(c)(2).  The standard for issuing a certificate of appealability is satisfied only by showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the standard is not met in this case.

Accordingly, the court **DENIES** a certificate of appealability.

<u>Conclusion</u>

The court **OVERRULES** Movant's objections, **ADOPTS** Magistrate Judge VanDervort's PF&R, **DENIES** Movant's Section 2255 Motion (Civil Action No. 1:10-00840, Doc. Nos. 55 and 63-1), **DENIES** Movant's Motion to Appear (Criminal Action No. 1:07-00239, Doc. No. 82), and **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and Movant, pro se.  The Clerk is further directed to remove this case from the court's active docket.

**IT IS SO ORDERED** on this 30th day of April, 2013.

ENTER:

David A. Faber
Senior United States District Judge

14